UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Michelle Arra,** | ) | **CASE NO. 1:13 CV 1317** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **All Occasion Limousine, Inc.,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon the Motion for Judgment on the Pleadings filed by defendant Grace Recovery Services, Inc. (Doc. 10). Also pending is Plaintiff's Motion to Dismiss Count IV of [the First Amended Complaint] and Request for an Order Remanding the Matter to the Cuyahoga Count Court of Common Pleas (Doc. 13). For the reasons that follow, the motion for judgment on the pleadings is GRANTED. Plaintiff's motion to dismiss count four and remand this matter is MOOT. This case remains pending against defendant All Occasion.

**FACTS**

Plaintiff, Michelle Arra, brought this lawsuit in state court against defendants, All

1

Occasion Limousine, Inc. ("All Occasion") and Grace Recovery Services, Inc. ("Grace"), alleging wrongdoing in connection with debt reporting.  For purposes of the pending motions, the facts in the complaint are presumed true.

In November of 2011, plaintiff contacted All Occasion to discuss the availability of a limousine for her wedding.  On November 7, 2011, All Occasion sent a rental agreement to plaintiff providing for a 'non-refundable' $100.00 deposit.  Plaintiff did not sign the agreement.  Upon learning that the type of vehicle she wanted was unavailable, plaintiff decided not to rent a vehicle from All Occasion.

In February of 2013, plaintiff and her husband attempted to buy a house.  During the course of the approval process, plaintiff learned that Grace notified the credit reporting agencies that plaintiff had an outstanding debt owed to All Occasion.  As a result of the debt, plaintiff paid additional points and expenses in procuring her mortgage.

Thereafter, plaintiff filed this lawsuit containing four claims for relief.  Count one is a claim for civil conspiracy and count two alleges fraud.  Count three is a claim for negligence. Count four is a claim brought pursuant to the Fair Debt Collection Practices Act.

Defendant Grace moves for judgment on the pleadings and plaintiff opposes the motion. Plaintiff moves to dismiss her Fair Debt Collection Practices Act claim and remand this matter to state court.  Defendant Grace opposes plaintiff's motion.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Where a motion for judgment on the pleadings is based on the argument that the complaint fails

to state claim upon which relief may be granted, it is judged under the same standard of review as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

Thus, the allegations of the complaint must be taken as true and construed liberally in favor of the non-moving party. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). The complaint is not to be dismissed "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *See also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989). Notice pleading requires only that a party be given "fair notice of what the [claimant's] claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).

### **ANALYSIS**

1. Defendant's motion

Because of the nature of arguments raised by the parties, the Court will address count three first, followed by counts one, two, and four.

    A. Count three (negligence)

Defendant argues that count three is preempted by the Fair Credit Reporting Act. According to defendant, 15 U.S.C. § 1681h(e) provides in relevant part:

> no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to...any person who furnishes information to a consumer reporting agency,...except as to false information furnished with malice or wilful intent to injure such consumer.

Defendant argues that this provision preempts plaintiff's negligence claim. Defendant also argues that counts one and two are preempted by a different provision of the Fair Credit

3

Reporting Act. In response to defendant's preemption arguments, plaintiff appears to concede that her negligence claim is preempted by Section 1681h(e)(expressly noting that "plaintiff's state law claims for fraud and civil conspiracy will not be preempted as they fall squarely within the Section 1681h exception"). Plaintiff makes no mention of her negligence claim in opposing defendant's preemption argument.

Upon review, the Court finds that Section 1681h(e) preempts plaintiff's negligence claim. On its face, the statute expressly preempts any state law claim for negligence against any person who furnishes information to a consumer reporting agency, unless the claim alleges that false information was furnished with malice or wilful intent. Although plaintiff alleges that defendants acted with a wilful intent in connection with her fraud and civil conspiracy claims, no such allegations appear in connection with plaintiff's claim for negligence. Rather, in count three, plaintiff expressly alleges only that "defendants breached their respective duties...by negligently reporting to the major credit rating agencies that plaintiff owed an outstanding debt to All Occasion." (Compl. ¶ 26). Because plaintiff does not allege that defendants acted wilfully or maliciously in connection with her negligence claim, the claim is preempted by Section 1681h(e).

### B. Counts one and two

Defendant argues that plaintiff's claims for civil conspiracy and fraud are preempted by 15 U.S.C. § 1681t(b)(1)(F). In the alternative, defendant argues that plaintiff fails to plead these claims with the requisite degree of specificity. In response, plaintiff argues that Section 1681t does not apply to this case. Plaintiff further argues that she properly plead her claims.

Upon review, the Court finds that judgment on the pleadings is warranted because the

complaint falls far short of satisfying Rule 9(b)'s heightened pleading requirement.  When pleading fraud, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud."  It is well-settled in the Sixth Circuit that circumstances constituting fraud include "the time, place, and content of the alleged misrepresentation" as well as the identity of the individual making the representation.  *United States v. Ford Motor Credit Co.,* 532 F.3d 496, 504 (6th Cir. 2008) (internal quotations omitted); *Sogevalor, SA v. Penn Central Corp.,* 771 F. Supp. 890, 893 (S.D. Ohio 1991) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 680 (6th Cir. 1988)).  The plaintiff must also allege "the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *Ford Motor Credit,* 532 F.3d at 504.  The purpose of this requirement is to "ensur[e] that a defendant is provided with at least the minimum degree of detail necessary to begin a competent defense."  *Id.*  Implicit in this purpose are two related concerns.  First, requiring a plaintiff to plead fraud with particularity "discourages fishing expeditions and strike suits which appear more likely to consume a defendant's resources than to reveal evidence of wrongdoing."  *Id.* (internal quotations omitted).  Second, the particularity requirement protects a defendant from "unwarranted damage to its reputation caused by spurious charges of immoral and fraudulent behavior."  *Id.* (internal quotations omitted).

     Here, with respect to her fraud claim, plaintiff generally alleges that the debt that All Occasions and Grace Recovery reported was "invalid and unenforceable" and that defendants "knew or should have known" as such.  Plaintiff then alleges as follows:

> 21. Defendants intentionally, recklessly, fraudulently, and maliciously reported an invalid debt that was allegedly owed to All Occasion Limousine, Inc. to the major credit reporting agencies in an effort to adversely affect the credit rating of plaintiff;

5

> 22. The actions of defendants, by knowingly, intentionally and wilfully making false representations to the major credit reporting agencies was to the detriment of the plaintiff;
>
> 23. As a result of the defendants' fraudulent, malicious, and intentional misconduct, plaintiff has sustained damages....

These allegations fall far short of pleading fraud with specificity. There are no allegations that detail the time, place, or manner of the fraud. Nor is their any description for the fraudulent activities allegedly engaged in by defendants. Rather, plaintiff simply alleges that defendants reported an invalid debt to the consumer reporting agencies. Attached to this allegation are repeated, but general, allegations that defendants did so "fraudulently" or "wilfully." These are insufficient to satisfy Rule 9(b)'s heightened pleading requirement.

In her brief in opposition, plaintiff argues that her civil conspiracy claim is "premised on fraud." Thus, for the same reason her fraud claim is improperly alleged, so too is the civil conspiracy claim.

Having concluded that the claims are otherwise subject to dismissal, the Court need not reach whether the claims are preempted by Section 1681t.

### C. Count four

Defendant argues that judgment on the pleadings is warranted because plaintiff has not alleged a claim arising under the Fair Debt Collection Practices Act ("Act"). According to defendant, plaintiff does point to a specific provision of the Act that defendant allegedly violated. Moreover, defendant argues that certain provisions of the Act do not apply to the alleged misconduct. Defendant claims that the allegations in the complaint are governed by the more specific provisions of the Fair Credit Reporting Act. Therefore, plaintiff cannot state a claim under the Act. Plaintiff does not respond in any fashion to defendant's arguments.

6

Upon review, the Court finds that Count four must be dismissed.  Defendant argues that no provision in the Act is applicable to the facts alleged in the complaint and plaintiff does not respond to this argument.  Accordingly, defendant is entitled to judgment on the pleadings with respect to count four.

2. Plaintiff's motion to dismiss

Plaintiff moves to dismiss count four of the first amended complaint ("complaint"), which alleges a violation of the Fair Debt Collection Practices Act.  In conjunction with the motion to dismiss, plaintiff requests remand on the grounds that the remaining claims all arise under state law.  Defendant opposes the motion.  According to defendant, the Court cannot dismiss a single "claim."  Rather, Rule 41 applies only to the voluntary dismissal of "an *action*."

Upon review, the Court finds that plaintiff's request to dismiss count four is MOOT. It is apparent from the motion that plaintiff is tying her motion to dismiss the claim to her request to remand.  The Court, however, had federal jurisdiction over the case at the time of removal.  Thus, the dismissal of the federal claim does not require remand in that the Court continues to possess supplemental jurisdiction over the state law claims.  As set forth above,  an analysis of the state law claims requires the application of federal preemption law.  Beyond that, it requires only a basic application of Rule 9.  Accordingly, plaintiff's request for remand is DENIED.  Because plaintiff does not oppose defendant's motion for judgment on the pleadings as to count four, and because the Court finds that motion to be well-taken, plaintiff's request for dismissal is MOOT.

**CONCLUSION**

For the foregoing reasons, defendant's Motion for Judgment on the Pleadings filed by

defendant Grace Recovery Services, Inc. (Doc. 10) is GRANTED.  Plaintiff's Motion to Dismiss Count IV of [the First Amended Complaint] and Request for an Order Remanding the Matter to the Cuyahoga Count Court of Common Pleas (Doc. 13) is MOOT in PART and DENIED in PART.

      IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge

Dated: 10/30/13